■ NORTH STAR GRAPHICS, INC., et al., Respondents-Appellants, v BERNARD SPITZER, Appellant-Respondent.—Order, Supreme Court, New York County (William P. McCooe, J.), entered April 30, 1987, which, *inter alia,* declared that plaintiffs North Star Graphics, Inc. (North Star), Mr. Irwin Cohen (Mr. Cohen), and Mrs. Marida Cohen (Mrs. Cohen) are the lawful tenants of apartment 4-D, located in 200 Central Park South, New York County, and are entitled to a lease renewal, is unanimously modified, on the law and on the facts, to the extent of declaring North Star to be the lawful tenant and entitled to a lease renewal in its name alone, with Mr. and Mrs. Cohen as designated occupants, and, except as thus modified, otherwise affirmed, with costs to plaintiffs.

Order, of the same court and Justice, entered July 15, 1987, which denied the motion of plaintiffs North Star, Mr. and Mrs. Cohen for attorneys' fees, is unanimously reversed, on the law and on the facts, the motion is granted, and the matter is remanded to the IAS court for a determination of the amount of attorneys' fees to be awarded to the plaintiffs, with costs.

In November 1978, Mr. Cohen submitted, upon his own behalf, an application to the agent of 200 Central Park South Associates (Associates) for the purpose of renting apartment 4-D (the premises), located in 200 Central Park South, New York County. Associates owned the building at that time, and Mr. Bernard Spitzer (Mr. Spitzer) was a partner in Associates. Examination of the application indicates that it was intended that Mr. Cohen and members of his family would occupy the premises.

Following the receipt of the application, the agent allegedly advised Mr. Cohen that landlord Associates wanted a fiscally responsible corporation to be the tenant of record of the premises, and to be responsible for the rent and other lease obligations. Thereafter, Mr. Cohen, in substance, asked Mr. Michael Del Gaizo (Mr. Del Gaizo), who owned and controlled North Star, if North Star, as an accommodation to Mr. Cohen, would execute the lease, as tenant of record, and be bound by its terms. Mr. Del Gaizo agreed, since Mr. Cohen was a personal friend, had arranged important business connections for North Star, and had, through companies owned by Mr. Cohen, purchased services from North Star. Incidentally, Mr. Cohen, in an affidavit, dated December 10, 1986, stated, in

pertinent part, "I am not now nor have I ever been an officer, director or shareholder of North Star".

Thereafter, North Star, as the tenant of record, entered into a lease, dated November 13, 1978, with landlord Associates. The lease, which was drafted by Associates, and signed by Mr. Spitzer, on behalf of Associates, provided, in pertinent part, in paragraph L to rider A, "Tenant [North Star] hereby agrees that during the term of this lease, the apartment [the premises] is to be occupied by MR. IRWIN COHEN and such officials of the corporation [North Star] as he [Mr. Cohen] may so designate". When this lease went into effect on December 1, 1978, Mr. and Mrs. Cohen took occupancy of the subject premises.

Subsequent to the execution of the 1978 lease, and prior to October 1, 1984, 200 Central Park South, converted, in accordance with a noneviction plan, to cooperative ownership. After the building became a cooperative, Mr. Spitzer, mentioned, *supra,* purchased the cooperative shares allocated to the premises. Following Mr. Spitzer's purchase of these shares, North Star, Mr. and Mrs. Cohen continued as tenant and occupants of the premises, pursuant to the Rent Stabilization Law of 1969, as amended.

On or about October 17, 1986, Mr. Spitzer, as landlord of the premises, served a notice to cure (Notice) on North Star, as tenant of record. This Notice, in substance, claimed that North Star had violated an obligation of its tenancy, in that North Star had permitted Mr. Cohen and his family to occupy the premises, although Mr. Cohen was not an officer of North Star. In response, Mr. Cohen delivered to an attorney for Mr. Spitzer a copy of a corporate resolution (resolution) of North Star, dated October 9, 1986, which, granted Mr. Cohen the right to execute a lease renewal concerning the premises.

Furthermore, in response to the Notice, plaintiffs North Star, Mr. and Mrs. Cohen commenced the instant action against Mr. Spitzer, by service of a summons and complaint, dated October 28, 1986. The complaint, in substance, seeks an order declaring that plaintiffs are the proper and lawful tenants of the premises. Defendant Mr. Spitzer answered, and moved for summary judgment. The IAS court, *inter alia,* in its order, entered April 30, 1987, declared that the plaintiffs North Star, Mr. and Mrs. Cohen are the lawful tenants and are entitled to a lease renewal.

Subsequently, the plaintiffs moved for attorneys' fees, and the IAS court denied that motion, in its order entered July 15, 1987.

Our examination of the North Star resolution indicates to us that, although Mr. Cohen was never an officer, director or shareholder of that corporation, this resolution granted him authority to execute leases and renewals pertaining to the premises, of which, as mentioned, *supra,* North Star was the tenant of record, and Mr. Cohen was the designated occupant. We have held, in *Matter of Cale Dev. Co. v Conciliation & Appeals Bd.* (94 AD2d 229, 233-234 [1st Dept 1983], *affd* 61 NY2d 976 [1984]), that a corporation has the power to designate persons, who are not corporate officers or employees, to occupy apartments leased by the corporation.

A unanimous Court of Appeals in *Sullivan v Brevard Assocs.* (66 NY2d 489, 490-491 [1985]), stated that a landlord is required to offer a lease renewal only to the tenant of record and not to a person who the tenant of record designates to occupy the apartment. Applying this legal authority to the instant case, we find that the IAS court, in its order entered April 30, 1987, erred in declaring that plaintiffs North Star, Mr. and Mrs. Cohen were all lawful tenants entitled to a lease renewal, since, as mentioned, *supra,* only plaintiff North Star is the tenant of record. Therefore, we modify the IAS order to the extent of declaring North Star to be the lawful tenant and entitled to a lease renewal in its name alone, with Mr. and Mrs. Cohen as designated occupants.

Real Property Law § 234, which is entitled: "Tenants' right to recover attorneys' fees in actions or summary proceedings arising out of leases of residential property", states, in pertinent part, that, when a clause contained in a residential lease allows a landlord, in an action against a tenant, to collect attorneys' fees from the tenant, then a reciprocal right exists for the tenant to, in turn, collect such fees from the landlord, if the tenant is successful in an action against the landlord.

Our review of the landlord's Notice and of the second counterclaim in the landlord's answer indicates that the landlord seeks attorneys' fees in this lawsuit. As discussed, *supra,* the plaintiffs commenced this action in response to the landlord's Notice.

The Court of Appeals in *Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.* (45 NY2d 471, 479 [1978]), unanimously held that "Courts are constitutionally bound to give effect to the expressed will of the Legislature". Applying this legal authority to Real Property Law § 234, we find, based upon the facts of the instant case, that, in view of the "expressed will of the Legislature" *(Finger Lakes Racing Assn.*

*v New York State Racing & Wagering Bd., supra,* at 479), the plaintiffs herein have a right to seek attorneys' fees. Therefore, we further find that the IAS court erred, in its order entered July 15, 1987, in denying plaintiffs' motion for attorneys' fees. Accordingly, we reverse that order, entered July 15, 1987, and grant the plaintiffs' motion, and remand the matter to the IAS court for a determination of the amount of attorneys' fees to be awarded. Concur—Murphy, P. J., Ross, Asch and Smith, JJ.